# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

| | |
|---|---|
| **CLYDE O. MONTGOMERY,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | **Civil Action No. 5:08-0094** |
| ) | |
| **T.R. CRAIG, Warden,** *et al.*, ) | |
| ) | |
| **Respondent.** ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending are Petitioner's Application to Proceed *in Forma Pauperis* (Document No. 1.) and Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody.[1] (Document No. 2.) Petitioner alleges that the Parole Commission violated his rights to due process by removing him from the Reentry Sanction Center. (Id., pp. 8 - 11.) Specifically, Petitioner states the following grounds for *habeas* relief:

- A. Deliberately and forcefully removing a person, Clyde Montgomery # 08544-000, from a Community Reentry and Sanctions Program without due process of law and not given a hearing.

- B. Unlawfully and fraudulently having the Metropolitan Police arrest the person, Clyde Montgomery # 08544-000, on a falsified warrant and taken to a D.C. jail to be detained illegally and without due process.

- C. The U.S. Parole Commission authorized a hearing examiner to illegally penalize the person, Clyde Montgomery # 08544-000, with 16 months without the requested witness.

- D. Policy states that all alleged violations of the Reentry Sanction Center rules are to be dealt with through the established polices and procedures to verify

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

> that due process rights are afforded to the client and that the penalty imposed will be fair and appropriate for the offense.

(Id., p. 13.) In support, Petitioner explains that he was accused of violating the conditions of the Reentry Sanction Center because he allegedly admitted to drug use and failed to submit to drug testing. (Id., pp. 8 and 10.) Petitioner contends that the Commission failed to follow its "established policies and procedures." (Id., p. 13.) Petitioner states that "Mr. Paul Edelin had me removed from the Reentry Sanction Center one day before I was scheduled to be released from the Reentry Sanction Center Program. I was sent over to D.C. jail without given a chance to defend myself against the charges that he wrote against me." (Id.) Petitioner claims that "Mr. Paul Edelin forged a signature of the arrest warrant." (Id., p. 10.) Petitioner, therefore, requests that he be released from custody. (Id., p. 15.)

## ANALYSIS

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of

Petitioner's release from custody, the Respondent can no longer provide the requested relief.[2] Consequently, the Court can no longer consider Petitioner's Application for Writ of Habeas Corpus.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction - - must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of his release from custody and the absence of collateral consequences, and therefore, his Section 2241 Application must be dismissed. See e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Petitioner's Application to Proceed *in Forma Pauperis* (Document No. 1.), **DISMISS** Petitioner's Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody (Document No. 2.) and **REMOVE** this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger.

---

[2] The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on July 15, 2008.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to counsel of record and to Petitioner, who is acting *pro se.*

Date: October 25, 2010.

R. Clarke VanDervort
United States Magistrate Judge